# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORRANCE KENDRICKS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>    Respondent. | Case No.  1:14-cv-01496-GSA-HC<br><br>ORDER TO SHOW CAUSE<br><br>(ECF No. 1) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

On September 21, 2014, Petitioner filed the instant Petition for writ of habeas corpus. He raises the following two grounds for relief in his Petition: (1) "Diplomatic immunity from prosecution by the State court;" and (2) "Denial of Petitioner's right to appeal…by upholding the trail court's grant of appellant's forced, coerced, and induced waiving of right to counsel." (Pet. at 5, ECF No. 1).

**DISCUSSION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne,   223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v.

> Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

Upon review of the Petition, it appears that Petitioner has not sought review of the first ground for relief in the California Supreme Court. Petitioner stated that the first ground for relief "was not previously presented in state court due to the guidelines of an appellant direct appeal." (Pet. at 6). Petitioner has a pending petition for writ of habeas corpus in the Kern County Superior Court. (Pet. at 3-4). If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

Moreover, if the Petition contains unexhausted and exhausted claims, it is a mixed petition. See Rose, 455 U.S. at 520-22. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. See Id. at 521-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

A petitioner also may request that a court stay a petition either under Rhines v. Weber,

3

544 U.S. 269, 276 (2005), or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). A petitioner may move to withdraw the unexhausted claims and move to hold the petition in abeyance while the unexhausted claims are exhausted in state court. <u>See</u> <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003); <u>Ford v. Hubbard</u>, 305 F.3d 875 (9th Cir. 2002). However, such a request for a <u>Kelly</u> stay will not be considered by the Court until the petition contains only exhausted claims and it is clear that the petition is not barred by the statute of limitations. In light of the Antiterrorism and Effective Death Penalty Act of 1996's objectives, for a stay pursuant to <u>Rhines</u>, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Rhines</u>, 544 U.S. at 277.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the Petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:   **October 10, 2014**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE